IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVE LEE DILWORTH,

        Petitioner

v.                  //   CIVIL ACTION NO. 1:08CV200
                            (Judge Keeley)

SHANNON MARKLE,

        Respondent.

ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE

On November 12, 2008, the petitioner, Steve Lee Dilworth ("Dilworth"), filed this action pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Gilmer County, West Virginia, on ten counts of Sexual Abuse by a Guardian. Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert (dkt. 23), addressing the parties' cross-motions for summary judgment (dkts. 9 and 17) and recommending that Dilworth's petition be granted-in-part and denied-in-part.

The magistrate judge recommended that four of Dilworth's grounds for relief be denied; Dilworth filed no objections to these recommendations. However, the magistrate judge concluded that one ground for relief identified in Dilworth's petition should be granted. Specifically, he agreed with Dilworth that, as alleged in

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE**

Ground Four of his petition, the indictment in his case was insufficient under the United States Constitution to ensure his right to a unanimous jury verdict.

The indictment charged, in ten identical counts, that Dilworth committed sexual offenses against his step-daughter at unspecified times in 2001. Dilworth argues that because the indictment did not differentiate between specific dates in 2001, the jury may not have reached unanimous conclusions on ten separate acts of abuse.

In his response, the Attorney General of West Virginia[1] argues that Dilworth did not present this argument to the Supreme Court of Appeals of West Virginia when he appealed his conviction, and this Court thus is without jurisdiction to entertain his petition. Under 28 U.S.C. § 2254(b), a district court may not grant a state prisoner's petition for <u>habeas</u> <u>corpus</u> "unless it appears that the applicant has exhausted the remedies available in the courts of the State."

_____

[1]The Attorney General represents the respondent, Shannon Markle, Administrator of the state facility in which Dilworth is incarcerated.

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE**

While Dilworth's appeal to the state Supreme Court (dkt. 9-4) did raise as one ground of error the alleged insufficiency of the indictment as noted above, he framed that argument only in state law terms. Indeed, his appeal on this point made no reference to either the United States Constitution or any rulings of the Supreme Court of the United States. Instead, Dilworth cited the West Virginia Rules of Criminal Procedure, cases interpreting those rules, and the Constitution of West Virginia. Additionally, he cited cases from other states that rely either on state law, state procedural rules or state constitutions.

The Court concludes that Dilworth has not fairly presented the federal law arguments in Ground Four of his petition to the state courts of West Virginia. Accordingly, the Court **REJECTS** the portion of the R&R recommending that Dilworth's petition be granted on Ground Four. However, Dilworth did clearly present his other federal claims in his appeal to the West Virginia Supreme Court of Appeals.

Thus, the Court is faced with what is commonly referred to as a "mixed petition," containing both exhausted and unexhausted

ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE

claims. In normal situations, a district court presented with a petition containing an unexhausted claim must dismiss the case without prejudice pursuant to § 2254(b). To do so here, however, would effectively extinguish any right Dilworth may have for federal habeas review because, under § 2254(d), a challenge to a state conviction is subject to a one-year statute of limitations. If the Court dismisses Dilworth's petition without prejudice, he will be barred from re-filing any § 2254 petition regardless of the outcome of any attempt at presenting the claim to the West Virginia courts.

Recognizing this problem, the Supreme Court of the United States in Rhines v. Weber, 544 U.S. 269 (2005), held that a district court may, in lieu of dismissal, hold a § 2254 petition in abeyance and stay the case pending the petitioner's presentment of his unexhausted claims to the state courts. Rhines cautioned, however, that such a procedure should be used only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and not "when

ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE

his unexhausted claims are plainly meritless." Id. at 277. Finally, the Court noted that "a mixed petition should not be stayed indefinitely." Id.

Without making a judgment on the ultimate merits of Dilworth's unexhausted claim, the Court notes that, in support of his position that the Gilmer County indictment was constitutionally insufficient, he cites Valentine v. Konteh, 395 F.3d 626 (6th Cir. 2005), which, interpreting Russell v. United States, 369 U.S. 749 (1962), invalidated a similar indictment in a sexual abuse case. The magistrate judge essentially adopted the reasoning of Valentine in recommending that Dilworth's petition be granted on this ground. Although the Attorney General argues that Valentine's interpretation of Russell does not constitute "clearly established Federal law" under 28 U.S.C. § 2254(d)(1), and thus cannot support the grant of a habeas corpus petition, the Court cannot conclude that Dilworth's claim is entirely without merit.

Furthermore, although the Court concludes that Dilworth did not present this claim in federal terms to the West Virginia courts, he did present the same factual arguments, and indeed the

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE**

same legal argument on state grounds. The Court therefore concludes that Dilworth's failure to exhaust was not so egregious as to justify depriving him of any possible right of federal review. Additionally, the Attorney General does not object to a stay in this case so that Dilworth may seek habeas relief through the state courts.

Because Dilworth did not object to the portions of the R&R recommending that Grounds One, Two, Three and Five of his petition be denied, the Court may affirm these conclusions without further review. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985). Under § 2254(b)(2), the Court may deny a petition on the merits even when state claims remain unexhausted. Therefore, the Court **ADOPTS** the portions of the R&R recommending that these grounds be denied, **GRANTS-IN-PART** the respondent's Motion for Summary Judgment (dkt. 9) as to these grounds, **DENIES-IN-PART** Dilworth's Motion for Summary Judgment (dkt. 17) as to these grounds, and **DISMISSES** Grounds One, Two, Three and Five **WITH PREJUDICE.** The Court **DENIES**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT
AND RECOMMENDATION (DKT. 23), GRANTING-IN-PART AND
REJECTING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT
(DKTS. 9 AND 17), DISMISSING-IN-PART WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS, HOLDING
PETITION IN ABEYANCE AND STAYING CASE**

**WITHOUT PREJUDICE** the portions of the parties' cross-motions for summary judgment (dkts. 9 and 17) related to Ground Four.

For the reasons explained above, the Court **HOLDS IN ABEYANCE** Ground Four of Dilworth's petition for a writ of <u>habeas</u> <u>corpus</u>, and **STAYS** this case in its entirety pending Dilworth's attempt to present his unexhausted federal claim under <u>Russell</u> and <u>Valentine</u> to the courts of West Virginia. The Court **DIRECTS** counsel for Dilworth to provide the Court and the respondent with updates of the progress of such proceedings at least every three months, beginning on **May 10, 2010.**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to the counsel of record.

DATED: February 12, 2010.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE