```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STEVE LEE DILWORTH,**

       Petitioner

v.                     //    CIVIL ACTION NO. 1:08CV200
                               (Judge Keeley)

**SHANNON MARKLE,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 12, 2008, the petitioner, Steven Lee Dilworth ("Dilworth"), filed a petition in this Court pursuant to 28 U.S.C. § 2254. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2. On April 22, 2009, the respondent, Shannon Markle, filed a Motion for Summary Judgment. (Dkt. No. 9). On June 10, 2009, Dilworth also filed for summary judgment. (Dkt. No. 17).

On September 9, 2009, Magistrate Judge Seibert issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Markle's motion for summary judgment be granted in part and denied in part, Dilworth's motion for summary be granted in part and denied in part, and Dilworth's petition for habeas be granted as to Ground Four.[1] (Dkt. No. 23). On February 2, 2010, the Court adopted the R&R in part and granted in part and denied in

---

[1] Ground Four, raised by Dilworth, was that he was deprived of the right to a unanimous jury verdict. <u>See</u> (Dkt. No. 23 at 16).

**DILWORTH V. MARKLE**                                              **1:08CV200**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

part the parties' cross-motions for summary judgment, dismissed in part with prejudice Dilworth's petition, held the remainder of the case in abeyance, and stayed the case in its entirety pending Dilworth's attempt to present certain, unexhausted portions of his claim to the courts of West Virginia. (Dkt. No. 32).

On May 6, 2013, Dilworth filed a letter motion with the Court, attached to which was a copy of the February 22, 2013 per curiam opinion of the Supreme Court of Appeals of West Virginia addressing those portions of his claim the Court had determined were unexhausted. (Dkt. No. 46). Dilworth advised that the federal claim had been fully adjudicated in West Virginia state court, and he requested that the stay be lifted and the case reinstated to the Court's active docket. On May 9, 2013, the Court lifted the stay, and ordered Markle to file an answer to Dilworth's remaining habeas petition claim by June 10, 2013. (Dkt. No. 47). Markle responded on June 7, 2013 (dkt. no. 48), and Dilworth replied on August 8, 2013. (Dkt. No. 51).

On August 13, 2013, Magistrate Judge Seibert entered a second R&R in which he recommended that Dilworth's motion for summary judgment as to Ground Four be denied, Markle's motion for summary judgment as to Ground Four be granted, and the remainder of Dilworth's petition for a writ of habeas corpus be denied. (Dkt. No. 52). The R&R also specifically warned Dilworth that his failure

2

**DILWORTH V. MARKLE** 1:08CV200

**ORDER ADOPTING REPORT AND RECOMMENDATION**

to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections.[**]

Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 52), **GRANTS IN PART** Markle's motion for summary judgment as to Ground Four (dkt. no. 9), **DENIES IN PART** Dilworth's motion for summary judgment as to Ground Four (dkt. no. 17), **DENIES** the § 2254 petition (dkt. no. 1) and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record.

Dated: September 5, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[**] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).